IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO ROBINSON,

    Plaintiff,                                No. CIV S-07-1018 RRB GGH PS

    vs.

UNITED PARCEL SERVICE, INC.,                  ORDER
RON POWELL,

    Defendants.

_____/

        Previously pending on this court's August 2, 2007 law and motion calendar was defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief may be granted). Plaintiff, proceeding in pro se, did not file an opposition and did not appear at the hearing, and has not otherwise appeared in this action since it was removed by defendants from state court on May 29, 2007. Counsel Laura Monfredini appeared on behalf of defendants.

        The underlying action, filed in state court July 19, 2006, alleges wrongful termination and retaliation based on race. Plaintiff is African American. Defendant Ron Powell was plaintiff's supervisor at the West Sacramento UPS station. Plaintiff was terminated December 2006 from his position as a package car driver due to insubordination.

E. D. Cal. L. R. 78-230(c) provides that opposition to a motion must be filed fourteen days preceding the noticed hearing date or the party will not be entitled to be heard at oral argument. Local Rule 78-230(j) provides that failure to appear at a scheduled hearing may be deemed withdrawal of opposition to the motion or may result in the imposition of sanctions. Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Rule 83-183 requires compliance with the Local and Federal Rules by pro se litigants.

Pro se litigants in the federal courts have the same rights and obligations as represented litigants. They enjoy equal access to all judicial proceedings with the guarantee their claims will be given full and fair consideration by judges and their staff. However, these substantial rights beget responsibility on the part of litigants to adhere to the court's procedures and calendar, including the timely filing of necessary briefs. The court's caseload is substantial and limited judicial resources should not be expended on abandoned cases.

It nonetheless remains the policy of the federal courts to give pro se litigants every benefit of the doubt. See, e.g., Bretz v. Kelman, 773 F.2d 1026, 1027, n. 1 (9th Cir. 1985) ("[W]e have an obligation where the petitioner is pro se . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt"). Plaintiff shall therefore be accorded one more opportunity to oppose defendants' motion to dismiss.

ALL matters presented in the motion to dismiss should be addressed in the opposition, including defendants' contention that plaintiff's retaliation claim should be dismissed because not alleged in, or reasonably related to, the administrative charge and therefore administratively unexhausted.[1] See, e.g., Leong. v. Potter, 347 F. 3d 1117, 1122 (9th Cir. 2003)

---

[1] The court takes judicial notice of plaintiff's administrative charge filed March 17, 2005 with the California Department of Fair Employment and Housing ("DFEH"), and DFEH's March 20, 2006 Notice of Case Closure, both filed by defendants. Fed. R. Evid. 201. DFEH issued a right-to-sue letter to plaintiff on March 13, 2006. Exh. B to Defendants' Request for Judicial

("[t]he jurisdictional scope of the plaintiff's court action depends on the scope of the EEOC charge and investigation").

Accordingly, IT IS HEREBY ORDERED that plaintiff shall file an opposition to the motion to dismiss within ten (10) court days after the filing date of this order.  No extensions will be granted.  Failure of plaintiff to respond to this order shall result in a recommendation this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

Defendants may file a reply, if any, within ten (10) court days after the filing of plaintiff's opposition.

The court will thereafter submit defendants' motion for decision on the papers or schedule oral argument.

SO ORDERED.

DATED:  8/7/07

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH5:Robin1018.ord10

---

Notice.