1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARIO ROBINSON,

11            Plaintiff,              No. CIV S-07-1018 RRB GGH PS

12        vs.

13   UNITED PARCEL SERVICE, INC.,        FINDINGS & RECOMMENDATIONS
     RON POWELL,
14
              Defendants.
15
     _____/
16

17            Since defendants' removal of this wrongful termination case from state court on

18   May 29, 2007, plaintiff has not participated in this action.  Plaintiff has filed no documents in

19   this court and did not appear at the August 2, 2007 hearing on defendants' motion to dismiss.  By

20   order filed August 7, 2007, this court directed plaintiff to file an opposition to defendants'

21   motion to dismiss within ten days, and warned plaintiff that failure to do so would result in a

22   recommendation this action be dismissed pursuant to Fed. R. Civ. P. 41(b) (dismissal for failure

23   to prosecute or comply with court rules or orders operates as adjudication on merits).  Plaintiff

24   has not responded in any way.

25            Although the court liberally construes the pleadings of pro se litigants, they are

26   required to adhere to the rules of court.  As set forth in this court's prior order, failure to appear

                                         1

at a scheduled hearing may be deemed not only withdrawal of opposition to a motion and but grounds for sanctions.  E. D. Cal. L. R. 78-230(j).  More broadly, failure to comply with the Local Rules "may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E. D. Cal. L. R. 11-110; see also E. D. Cal. L. R. 83-183 (requiring compliance with the Local and Federal Rules by pro se litigants).

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The court should consider:  (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.  Similar considerations authorize dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal.  See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as Ghazali).

The court has considered the factors set forth in Ghazali.  "[T]he key factors are prejudice and availability of lesser sanctions."  Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990).  Defendants are clearly prejudiced by the requirement of defending an abandoned case, and this court is put in the untenable position of expending limited judicial resources to decide such a case on the merits.  The public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the unsuitability of a less drastic sanction, direct that this case be dismissed.

Accordingly, IT IS RECOMMENDED this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten

(10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: :   9/5/07

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH5:Robin1018.f&r.dism